UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ALLAN YOUNG, | No. 2:14-cv-2585-EFB |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for a period of disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income under Titles II and XVI of the Social Security Act. The parties' cross-motions for summary judgment are pending. For the reasons discussed below, plaintiff's motion is granted, defendant's motion is denied, and the matter is remanded for further proceedings.

I.  BACKGROUND

Plaintiff filed applications for a period of disability, DIB and SSI, alleging that he had been disabled since March 18, 2010.[1] Administrative Record ("AR") 294-302. Plaintiff's

---

[1] Plaintiff subsequently amended his alleged onset date to March 10, 2010.

1

applications were denied initially and upon reconsideration. *Id.* at 181-185. On November 16, 2012, a hearing was held before administrative law judge ("ALJ") Janice E. Barnes-Williams. *Id.* at 64-94. Plaintiff was represented by counsel at the hearing, at which he and a vocational expert ("VE") testified. *Id.*

On August 9, 2013, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Act. *Id.* at 152-168. Plaintiff's request for review by the Appeal Council was granted and on October 25, 2013, the Appeals Council vacated the ALJ's August 9, 2013 decision and remanded the matter for consideration of additional evidence. *Id.* at 175-176. Specifically, the ALJ was directed to consider records from the Department of Veterans Affairs ("VA") rating plaintiff as 100 percent disabled as of March 6, 2013. *Id.* at 175.

On February 19, 2014, another hearing was held before the ALJ, at which plaintiff and a VE expert provided additional testimony. *Id.* at 95-120. On May 27, 2014, the ALJ issued a decision finding again that plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Act.[2] *Id.* at 12-35. The ALJ made the following specific findings:

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq.* Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq.* Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step

2

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2014.

2. The claimant has not engaged in substantial gainful activity since March 10, 2010, the amended, alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

* * *

3. The claimant has the following severe impairments: obesity, mild degenerative disc disease of lumbar spine with bulging disc, meralgia parasthetica, bilateral plantar fasciitis, sleep apnea, type II diabetes mellitus, post-traumatic stress disorder (PTSD), and major depressive disorder (MDD) [20 CFR 404.1520(c) and 416.920(c)).

* * *

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526, 416.920(d), 416.925 and 416.926).  I have specifically considered Sections 1.02, 1.04, 3.10, 9.00, 12.04, and 12.06.

* * *

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), and SSR 83-10 in that he can lift and carry 10 pounds; stand and/or walk 2 hours out of an 8-hour workday; and sit 6 hours in an 8-hour workday.  However, he should not use foot control operations.  He can occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds and never balance.  He can occasionally stoop, kneel, crouch, and crawl.  He needs to use an assistive devise for uneven terrain and prolonged ambulation, and he should avoid extreme heat.  Due to post-traumatic stress disorder symptoms, he may be exposed to no more than moderate noise.  Additionally, he should avoid excessive vibration and exposure to operational control or moving machinery, unprotected heights, and hazardous machinery.  Further, the claimant is restricted to the performance of simple, routine, repetitive tasks in a work environment free of fast-paced production requirements, and involving only simple work-related decisions with few, if any, workplace changes.  Additionally, the claimant should have no public contact, and

---

five.
> Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

3

can work around co-workers, but with only occasional interaction with co-workers.

\* \* \*

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

\* \* \*

7. The claimant was born on January 28, 1968, and was 42 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.  (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

\* \* \*

11. The claimant has not been under a disability, as defined in the Social Security Act, from March 10, 2010, the amended alleged onset date of disability, through the date of this decision (20 CFR 404.1520(g)) and 416.920(g)).

*Id.* at 22-38.

Plaintiff again requested Appeals Council review which was denied on August 1, 2014, leaving the ALJ's May 27, 2014 decision as the final decision of the Commissioner.  *Id.* at 8-13.

II.     LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied.  *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive.  *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is

4

more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III. ANALYSIS

Plaintiff argues that the ALJ committed reversible error by failing to adequately consider a VA disability determination finding that he is 100 percent disabled. ECF No. at 17 at 6-13.

Generally, an ALJ is required to consider a VA rating. *McCartey v. Massanari*, 298 F.3d 1072, 1075 (9th Cir. 2002). "While a VA disability decision does not necessarily compel the SSA to reach an identical result, the ALJ must consider the VA's finding in reaching his decision, because of the similarities between the VA disability program and the Social Security disability program." *Hiler v. Astrue*, 687 F.3d 1208, 1211 (9th Cir. 2012). However, [b]ecause the standards for evaluating disability under the two programs is not identical, . . . the ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *McCartey*, 298 F.3d at 1075; *see also Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009).

On June 24, 2013, the VA issued a decision finding that plaintiff was 100 percent disabled as of March 6, 2013 due to post-traumatic stress disorder with major depressive disorder. AR 457-461. The ALJ's decision provided the following discussion concerning the VA' disability determination:

> Given the preponderance of the medical evidence in the file, including the 100 percent disabled rating of the Department of Veteran's Affairs, I conclude that the record lacks sufficient objective medical support to warrant any further restrictions to the

5

>   claimant's maximum remaining residual functional capacity during
>   the relevant period beyond that indicated above.

*Id*. at 36. This conclusory statement does not constitute a "persuasive, specific, valid" reason for giving less weight to the VA's determination. Although the ALJ's written decision provides a summary of the medical evidence, it fails to identify any specific medical findings or other evidence that contradicts the VA's determination that plaintiff is completely disabled. The matter is simply unexplained. Accordingly, the ALJ did not adequately support the decision to discount the VA's disability determination.

Although the ALJ is free to disagree with the VA disability determination where the record supports such a decision, it must nonetheless be explained. As the U.S. Court of Appeals for the Ninth Circuit has explained in the context of rejecting a treating physician's opinion, the burden of providing valid reasons includes a properly explained decision that is supported by the record. Typically this includes "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Embrey v. Bowen*, 849 F.2d 418, 421 (1988). Here, the context is rejecting a rating by the VA of 100% disability, not rejecting the opinion of a treating doctor. But the ALJ nonetheless was required to provide "persuasive, specific, valid" reasons for giving less weight to the VA's determination, *McCartey*, 298 F.3d at 1075, and this standard requires at least some explanation in the context of the medical record. Accordingly, the ALJ's conclusory dismissal of the VA's determination did not constitute a persuasive, specific, valid reason for giving it less weight.[3]

/////

---

[3] The Commissioner's motion for summary judgment identifies evidence in the record that she contends supports the ALJ's decision to give reduced weight to the VA's determination. ECF No. 18 at 4-11. However, as the ALJ did not specifically rely on any of the evidence identified by the Commissioner, but instead provided only a conclusory dismissal of the VA determination, such evidence is not a proper basis for upholding the ALJ's decision. *See Ceguerra v. Sec'y of Health & Human Servs*., 933 F.2d 735, 738 (9th Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency."); *Barbato v. Comm'r of Soc. Sec. Admin*., 923 F. Supp. 1273, 1276 n. 2 (C.D. Cal. 1996) ("[T]he Commissioner's decision must stand or fall with the reasons set forth in the ALJ's decision."); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990) ("[W]e are wary of speculating about the basis of the ALJ's conclusion").

The ALJ's decision also observed that "[o]ther agencies may apply different rules and standards than we do for determining whether an individual is disabled. Therefore, because the ultimate responsibility for determining whether an individual is disabled under Social Security law rests with the Commissioner, we are not bound by disability decision by other governmental and nongovernmental agencies." AR 36-37. While the assertion is an accurate statement, it does not provide the sort of explanation, grounded in an analysis of the medical evidence, which demonstrates "persuasive, specific, valid" reasons for giving reduced weight to a VA disability determination. *Valentine*, 574 F.3d at 695 (9th Cir. 2009) (quotation omitted and modification in original) (quoting *McCartey*, 298 F.3d at 1076).

As the ALJ failed to provide a sufficient justification for discounting the VA's determination that plaintiff was 100 percent disabled, the matter must be remanded to the Commissioner for further proceedings. *Barbato*, 923 F. Supp. At 1276 n. 2 ("If the decision on its face does not adequately explain how a conclusion was reached, that alone is grounds for remand. And that is so even if [the Administration] can offer proper post hoc explanations for such unexplained conclusions.").

IV. CONCLUSION

The ALJ failed to apply the proper legal standard. Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The matter is remanded for further considerations consistent with this order; and

4. The Clerk is directed to enter judgment in plaintiff's favor.

DATED: March 22, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE