UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ALLAN YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:14-cv-2585-EFB<br><br><br><br>ORDER |

Plaintiff moves for an award of attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1). ECF No. 22. He seeks attorney fees based on 29.4 hours of work at a rate of $190.06, paralegal fees based on 3.7 hours of work at a rate of $125, and $60 in costs. Plaintiff also seeks an additional 5.7 hours at $190.28 for reviewing and preparing a reply to defendant's opposition to his fee motion for a total amount of $6,110.26.[1] Defendant argues that plaintiff is not entitled to fees under the EAJA because defendant's position was substantially justified. ECF No. 23. Alternatively, she argues that the number of hours sought is unreasonable and should be reduced accordingly. *Id*.

---

[1] Plaintiff actually requests $6,572.76 in fees and costs for litigating this case, plus an additional $1084.70 for preparing a reply to defendant's opposition to his fee motion. ECF No. 22 at 2. However, a review of counsel's billing records indicates that plaintiff (presumably by inadvertence) double counted the paralegal hours, and therefore impermissibly requested an additional $462.50 in fees. *See* ECF No. 22-1.

1

I. <u>Substantial Justification</u>

The EAJA provides that a prevailing party other than the United States should be awarded fees and other expenses incurred by that party in any civil action brought by or against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1). "[T]he 'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001) (citing 28 U.S.C. § 2412(d)(2)(D) and *Comm'r, INS v. Jean*, 496 U.S. 154, 159 (1990) (explaining that the "position" relevant to the inquiry "may encompass both the agency's prelitigation conduct and the [agency's] subsequent litigation positions")). Therefore, the court "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir.1988). The burden of establishing substantial justification is on the government. *Gutierrez*, 274 F.3d at 1258 (9th Cir. 2001).

A position is "substantially justified" if it has a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988); *United States v. Marolf*, 277 F.3d 1156, 1160 (9th Cir. 2002). Substantially justified has been interpreted to mean "justified to a degree that could satisfy a reasonable person" and "more than merely undeserving of sanctions for frivolousness." *Underwood*, 487 U.S. at 565; *see also Marolf*, 277 F.3d at 161. The mere fact that a court reversed and remanded a case for further proceedings "does not raise a presumption that [the government's] position was not substantially justified." *Kali*, 854 at 335; *see also Lewis v. Barnhart*, 281 F.3d 1081, 1084-86 (9th Cir. 2002) (finding the defense of an ALJ's erroneous characterization of claimant's testimony was substantially justified because the decision was supported by a reasonable basis in law, in that the ALJ must assess the claimant's testimony and may use that testimony to define past relevant work as actually performed, as well as a reasonable basis in fact, since the record contained testimony from the claimant and a treating physician that cast doubt on the claimant's subjective testimony); *Le v. Astrue*, 529 F.3d 1200, 1201-02 (9th Cir.

2008) (finding that the government's position that a doctor the plaintiff had visited five times over three years was not a treating doctor, while incorrect, was substantially justified since a nonfrivolous argument could be made that the five visits over three years were not enough under the regulatory standard especially given the severity and complexity of plaintiff's alleged mental problems).

However, when the government violates its own regulations, fails to acknowledge settled circuit case law, or fails to adequately develop the record, its position is not substantially justified. *See Gutierrez*, 274 F.3d at 1259-60; *Sampson v. Chater*, 103 F.3d 918, 921-22 (9th Cir. 1996) (finding that the ALJ's failure to make necessary inquiries of the unrepresented claimant and his mother in determining the onset date of disability, as well as his disregard of substantial evidence establishing the same, and the Commissioner's defense of the ALJ's actions, were not substantially justified); *Flores v. Shalala*, 49 F.3d 562, 570, 572 (9th Cir. 1995) (finding no substantial justification where ALJ ignored medical reports, both in posing questions to the VE and in his final decision, which contradicted the job requirements that the ALJ deemed claimant capable of performing); *Corbin v. Apfel*, 149 F.3d 1067, 1053 (9th Cir. 1998) (finding that the ALJ's failure to determine whether the claimant's testimony regarding the impact of excess pain she suffered as a result of her medical problems was credible, and whether one of her doctors' lifting restrictions was temporary or permanent, and the Commissioner's decision to defend that conduct, were not substantially justified); *Crowe v. Astrue*, 2009 WL 3157438, *1 (E.D. Cal. Sept. 28, 2009) (finding no substantial justification in law or fact based on ALJ's improper rejection of treating physician opinions without providing the basis in the record for so doing); *Aguiniga v. Astrue*, 2009 WL 3824077, *3 (E.D. Cal. Nov.13, 2009) (finding no substantial justification in ALJ's repeated mischaracterization of the medical evidence, improper reliance on the opinion of a non-examining State Agency physician that contradicted the clear weight of the medical record, and improperly discrediting claimant's subjective complaints as inconsistent with the medical record).

The court granted plaintiff's motion for summary judgment and remanded the matter to the Commissioner for further proceedings, finding that the ALJ failed to adequately consider a

3

VA disability determination finding that plaintiff is 100 percent disabled. ECF No. 20. As explained in the court's order, the ALJ was required to provide a "persuasive, specific, valid" reason for according reduced weight to the VA's disability determination. *Id*. at 5-7; *see McCartey v. Massanari*, 298 F.3d 1072, 1075 (9th Cir. 2002); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685,695(9th Cir. 2009). The ALJ failed to satisfy that standard and rejected the VA disability determination based on his conclusory finding that the medical evidence did not show that plaintiff was so limited. The ALJ, however, did not discuss or cite any evidence in the record that undermined the VA's disability determination or supported the conclusory finding. As the ALJ failed to comply with the legal standard for this circuit, his decision was not supported by substantial evidence nor was his position substantially justified. *See Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013) ("A holding that the agency's decision was unsupported by substantial evidence is a strong indication that the position of the United States was not substantially justified."); *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) ("[I]t will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'"). Accordingly, the government's position was not substantially justified. *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) ("The government's position must be substantially justified at each state of the proceedings.").

II.     Reasonableness of Fee Request

The Commissioner also argues that the number of hours counsel expended in litigating this case was unreasonable. ECF No. 23 at 10-11. The EAJA directs the court to award a reasonable fee. 28 U.S.C. § 2412(d)(2)(A). In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate and the results obtained. *See Comm'r, INS v. Jean*, 496 U.S. 154 (1990); *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Atkins v. Apfel*, 154 F.3d 986 (9th Cir. 1998). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award, and charges that are not properly billable to a client are not properly billable to the government. *Hensley*, 461 U.S. at 434. An award of fees should be properly

/////

4

apportioned to pursuing the stages of the case in which the government lacked substantial justification." *Corbin*, 149 F.3d 1053; *Flores*, 49 F.3d at 566-71.

Here, defendant does not object to plaintiff's hourly rate but contends that the number of hours expended by plaintiff's counsel and paralegal was unreasonable.[2] ECF No. 23 at 10-11. First, defendant argues that the 28 hours plaintiff's counsel spent researching and drafting the sole issue presented in plaintiff's motion for summary judgment was excessive. *Id*. at 10. Defendant suggests that 20 hours is a more reasonable amount of time for completing the motion and reply brief. *Id*.

Having reviewed the record, the court cannot find that the number of hours expended by counsel in briefing the merits of this case was unreasonable. While counsel spent 28 hours briefing the merits of this case (*see* ECF No. 22-1), which only included one issue, the court notes that counsel did not represent plaintiff at the administrative level and had to become familiar with the case, which included a 1,883-page administrative transcript containing more than 1,400 pages of medical records. Given the size of the medical record and number of medical impairments presented in this case, the court cannot agree with defendant's contention that it was unreasonable for counsel to spend 28 hours reviewing the record and briefing the merits.

Defendant next argues that plaintiff's request should be reduced by .4 hours of attorney time and .2 hours of paralegal time spent reviewing a request for an extension of time filed by plaintiff. ECF No. 23 at10. Without conceding that billing for this task was unreasonable, plaintiff agrees to not seek compensation for this task. ECF No. 24 at 9 n.3. The court will therefore reduce plaintiff's fee request by .4 attorney hours and .2 paralegal hours.

III. Payment of Fees to Plaintiff

Defendant requests that any fee award be made to plaintiff. *Astrue v. Ratliff*, 560 U.S. 586 (2010) requires fees awarded under the EAJA to be paid directly to the litigant. However, courts in this district regularly order payment directly to counsel so long as plaintiff does not have a debt that is subject to offset and the plaintiff assigned her right to EAJA fees to counsel. *See, e.g.,*

---

[2] Defendant also does not object to plaintiff's request for $60.00 for costs.

1 | *Allen v. Colvin*, 2014 WL 6901870 at *3 (E.D. Cal. 2014); *Knyazhina v. Colvin*, 2014 WL 5324302 at *3 (E.D. Cal. 2014); *Louis v. Astrue*, 2012 WL 92884 at *7 (E.D. Cal. 2012); *Burnham v. Astrue*, 2011 WL 6000265 at *2 (E.D. Cal. 2011); and *Calderon v. Astrue*, 2010 WL 4295583 at *8 (E.D. Cal. 2010). Here, plaintiff assigned her right to EAJA fees to her attorney. ECF No. 22-3. Accordingly, should plaintiff not have a debt that is subject to offset, the award of fees may be paid directly to counsel.

IV. Conclusion

Based on the foregoing, the court finds that the plaintiff's counsel reasonably spent 29.2 hours litigating the merits of this case and his paralegal reasonably spent 3.3 hours. Furthermore, counsel reasonably spent 5.7 hours reviewing defendant's opposition to the fee motion and preparing a reply brief. *See Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998) (under the EAJA, reasonable time spent litigating fees is compensable). Accordingly, the court finds that counsel reasonably expended 34.9 hours, at a rate of $190.06 per hour,[3] litigating this case, plaintiff's paralegal reasonably spent 3.3 hours at $125, and plaintiff incurred $60.00 in costs.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for attorney's fees (ECF No. 22) is granted in part;

2. Plaintiff is awarded attorney's fees under the EAJA in the amount of $7,045.59, plus $60.00 for costs, for a total award of $7,105.59;

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), any payment shall be made payable to plaintiff and delivered to plaintiff's counsel, unless plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that plaintiff does not owe a federal debt,

/////

/////

/////

---

[3] In his reply, plaintiff requests an hourly rate of $190.28 for work performed in reviewing and responding to defendant's opposition to his fee motion, rather than the $190.06 hourly rate requested for all other work performed. Plaintiff provides no explanation for his divergence from his original requested rate, which he sought for legal work performed only a few months prior to submitting his reply brief. Accordingly, the court will award the $190.06 rate requested in plaintiff's original fee motion.

6

the government shall accept plaintiff's assignment of EAJA fees and pay fees directly to plaintiff's counsel.

DATED: October 2, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE